# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **STEYR ARMS, INC.,** } | |
| } | |
| **Plaintiff** } | |
| } | |
| v. } | Case No.: 2:15-cv-01718-MHH |
| } | |
| **BERETTA USA CORP.,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on two motions. Defendant Beretta USA Corp. has filed a motion to strike in which Beretta asks the Court (1) to suspend the summary judgment briefing schedule; (2) to strike plaintiff Steyr Arms, Inc.'s memorandum in support of its summary judgment motion because the memorandum does not comply with a court order governing page limits for briefing; and (3) to strike certain portions of a declaration that Steyr filed in support of its summary judgment motion. (Doc. 50). Steyr has filed a Rule 56(d) motion in which Steyr asks for permission to depose Jason Kellogg to enable Steyr to respond to Beretta's summary judgment motion. (Doc. 53). This order resolves both motions.

# I. PROCEDURAL BACKGROUND

In its complaint, Steyr asserts a claim of patent infringement against Beretta in connection with United States Letters Patent No. 6,260,301 entitled, "Pistol, Whose Housing Is Composed of Plastic." (Doc. 1, ¶ 7). On March 23, 2016, the Court entered an Initial Order which sets the page limits for briefs. (Doc. 12, pp. 5-6). The order states: "Briefs accompanying motions and briefs in opposition to motions should not exceed 25 pages unless the Court grants permission for a party to file a motion that exceeds the Court's page limits." (Doc. 12, pp. 5-6).

On April 19, 2018, the Court issued a memorandum opinion and claim construction order. (Doc. 40). After a status conference with the parties, the Court ordered as follows:

> [T]he parties shall file summary judgment motions regarding patent infringement on or before July 27, 2018. If either party believes it needs discovery to respond to the opposing party's summary judgment motion, then the party seeking discovery shall file a Rule 56(d) affidavit or declaration on or before August 10, 2018. The Court STAYS the remaining deadlines in this matter and stays formal discovery until further notice.

(Doc. 42).

On July 27, 2018, Steyr filed a motion for summary judgment, a 26-page memorandum in support of the motion (20 pages of which contain substantive content), a 10-page "Statement of Facts" in support of its summary judgment motion, and two declarations. (Docs. 43, 44, 44-1, 44-2, 44-4). The same day,

Beretta filed a motion for partial summary judgment, a 33-page memorandum in support of the motion (25 pages of which contain substantive content), and two declarations. (Docs. 45, 46-1, 46-12, 48).

On August 3, 2018, Beretta filed its motion to strike, (Doc. 50), and on August 10, 2018, Steyr filed its Rule 56(d) motion, (Doc. 53). This Court suspended the summary judgment briefing schedule, pending resolution of Beretta's motion to strike and Steyr's Rule 56(d) motion. (Doc. 56).

**II. ANALYSIS**

    **a. BERETTA'S MOTION TO STRIKE**

        **i. Request to Suspend Briefing Schedule**

Beretta asked the Court to suspend the briefing schedule for the parties' cross-motions for summary judgment. (Doc. 50, p. 2). On August 15, 2018, this Court entered an order suspending the summary judgment briefing schedule. (Doc. 56). Accordingly, Beretta's motion as it relates to suspension of the briefing schedule is moot.

        **ii. Request to Strike Steyr's Summary Judgment Memorandum**

Beretta asks the Court to strike Steyr's summary judgment brief because the brief exceeds the 25-page limit set in the Initial Order in this case. (Doc. 50, p. 2). The Initial Order states: "Briefs accompanying motions and briefs in opposition to motions should not exceed 25 pages unless the Court grants permission for a party

3

to file a motion that exceeds the Court's page limits." (Doc. 12, p. 5-6). Although the substantive content in Steyr's summary judgment brief occupies only 20 pages, Steyr also filed a 10-page document entitled "Statement of Facts in Support of Plaintiff's Motion for Summary Judgment of Infringement of U.S. Patent No. 6,260,301," pushing Steyr's brief over the Court's 25-page limit. (Doc. 44-1). Steyr did not ask for permission to exceed the page limit.

The Court construes Beretta's motion to strike as a motion to sanction Steyr pursuant to Rule 16 of the Federal Rules of Civil Procedure. Under the subsection entitled "Sanctions," Rule 16 provides:

> (1) ***In General***. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:
>
> . . .
>
> (C) fails to obey a scheduling or other pretrial order.

FED. R. CIV. P. 16(f) (emphasis in original). Rule 37(b)(2)(A)(iii) authorizes a district court to sanction a party by "striking pleadings in whole or in part . . . ." FED. R. CIV. P. 37(b)(2)(A)(iii).

Steyr argues, without citation to authority, the 10-page "Statement of Facts" which Steyr filed as a document separate from its brief should not count towards the 25-page limit for briefs. (Doc. 52, p. 14). Steyr also argues, without citing authorities or examples, that its method of separately summarizing the facts

4

relevant to its motion is a "common practice." (Doc. 52, p. 14). The Court is not familiar with this "practice." In this district, parties commonly include a statement of facts in a summary judgment brief. *See, e.g.*, "Sample Appendix II - Summary Judgment Requirements" *available at* https://www.alnd.uscourts.gov/content/chief-judge-karon-o-bowdre ("All briefs submitted either in support of or opposition to a motion must begin with a statement of allegedly undisputed relevant material facts . . . ."); "Uniform Initial Order" *available at* https://www.alnd.uscourts.gov/content/judge-virginia-emerson-hopkins ("The parties' submissions in support of and in opposition to summary judgment motions must consist of: (1) a brief containing, in separately identified sections, (i) a statement of allegedly undisputed relevant material facts . . . ."); "Appendix II (SJ Reqs)" *available at* https://www.alnd.uscourts.gov/content/judge-r-david-proctor ("The parties' submissions in support of and in opposition to summary judgment motions must consist of: (1) a brief containing, in separately identified sections, (i) a statement of allegedly undisputed relevant material facts . . . ."). Steyr's local counsel is very familiar with the practices in this district.

The undersigned has not issued an order that explicitly directs parties to include a statement of facts in a summary judgment brief because parties ordinarily do so in this district as a matter of course. The Court has ordered the parties not to exceed the page limits set in the Initial Order unless a party requests permission

5

from the Court. (Doc. 12). If there was confusion, Steyr easily could have asked for clarification of the Court's order or filed a motion for excess pages.

Under the circumstances, the Court strikes Steyr's summary judgment brief but offers Steyr the option of filing a substitute brief that conforms to the Court's Initial Order. The Court cautions Steyr to comply with court orders or to request clarification of or relief from those orders if necessary.[1]

### iii. Request to Strike Byron's Declaration Testimony

Beretta asks the Court to strike certain portions of Mr. Byron's declaration, namely paragraphs 5, 7, 20-22, and 26-29. (Doc. 50, p. 2). Beretta argues that the statements contain "improper inadmissible conclusory statements made without any underlying factual support, basis or foundation; inadmissible irrelevant subject matter; and inadmissible legal conclusions, and, as a result, lack any probative value . . . ." (Doc. 50, p. 2).

Beretta's motion to strike does not conform to the Federal Rules of Civil Procedure. Pursuant to Rule 56(c)(2), in response to a summary judgment motion,

---

[1] Beretta argues it will incur prejudice if the Court permits Steyr to file a replacement brief because Steyr now has "had the opportunity to study Defendant's non-infringement brief . . . ." (Doc. 51, p. 13). Beretta has not explained why Steyr's awareness of Beretta's arguments would disadvantage Beretta. The Court does not find potential prejudice to Beretta in permitting Steyr to file a conforming brief that is substantively consistent with Steyr's initial submission. This is not an opportunity for Steyr to revise its current arguments or to provide new arguments. It simply is an opportunity for Steyr to comply with the Court's Initial Order. The Court notes that some of the assertions in Steyr's "Statement of Facts" document shed no light on the summary judgment issues. Steyr may omit those statements if it chooses to file a revised summary judgment brief.

6

"[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2). But "[t]here is no need to make a separate motion to strike." FED. R. CIV. P. 56(c), advisory committee's note to 2010 amendments; *see Campbell v. Shinseki*, 546 Fed. Appx. 874, 879 (11th Cir. 2013) ("The plain meaning of [amended Rule 56(c)(2)] show[s] that objecting to the admissibility of evidence supporting a summary judgment motion is now a part of summary judgment procedure, rather than a separate motion to be handled preliminarily.").

If Steyr chooses to refile its memorandum in support of its motion for summary judgment, and Beretta chooses to object to Steyr's evidence, then, as set forth in Rule 56(c)(2), the Court will consider the substance of objections while ruling on Steyr's summary judgment motion.

Therefore, the Court denies without prejudice Beretta's motion to strike as it relates to Mr. Byron's declaration.

### b. STEYR'S RULE 56(d) MOTION

Steyr filed a Rule 56(d) motion in which it asks the Court to permit it to depose Jason Kellogg in conjunction with its response to Beretta's motion for summary judgment. (Doc. 53). Under Rule 56(d):

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> . . .
>
> (2) allow time to obtain affidavits or declarations or to take discovery . . . .

FED. R. CIV. P. 56(d). The nonmovant "cannot 'rest on vague assertions that additional discovery will produce needed, but unspecified facts,' but rather must specifically demonstrate 'how postponement of a ruling on the motion will enable [them], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990) (quoting *Wallace v. Brownell Pontiac-GMC Co., Inc.*, 703 F.2d 525, 527 (11th Cir. 1983)) (alteration in original). "Whether to grant or deny a Rule 56[d] motion for discovery requires the court to balance the movant's demonstrated need for discovery against the burden such discovery will place on the opposing party." *Harbert Int'l v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998).[2]

Steyr states that Beretta, in its motion for partial summary judgment, "relies solely on the Declaration of Jason Kellogg." (Doc. 54, p. 2). Steyr asserts that it must depose Mr. Kellogg "to obtain facts essential to justify its opposition to

---

[2] The original quote in *Harbert Int'l v. James* references "Rule 56(f)." Effective December 1, 2010, Rule 56(f) was reclassified as Rule 56(d) with no substantial change. *See* Fed R. Civ. P. 56, advisory committee notes to the 2010 amendments.

8

Defendant's motion for partial summary judgment." (Doc. 54, p. 2). In support of its motion, Steyr has submitted the declaration of Glenn Henneberger, Steyr's attorney. (Doc. 54-1). In his declaration, Mr. Henneberger states, "Steyr believes it is necessary to depose Mr. Kellogg to obtain the facts essential to justify its opposition to Defendant's motion for partial summary judgment of non-infringement." (Doc. 54-1, ¶ 6).

Mr. Henneberger makes only a vague assertion that Mr. Kellogg's deposition will produce needed, but unspecified facts. (*See* Doc. 54-1). Steyr argues that Mr. Henneberger's declaration is sufficient, given the lack of discovery in this matter. (Doc. 59, pp. 3-4).[3] Steyr should have produced a declaration that indicates with more specificity what Steyr seeks to discover by deposing Mr. Kellogg. Nevertheless, given the motion's narrow request, it is clear that Steyr seeks to gather information related to Mr. Kellogg's statements that were used to support Beretta's summary judgment brief.

In *Estate of Russell v. Wortham*, the plaintiff asserted claims against the defendants in connection with the death of the decedent who was in the defendants' custody. No. 1:15-CV-1080-VEH, 2018 WL 1408481, at *1-2 (N.D. Ala. Mar. 21, 2018). The defendants moved for summary judgment, and the plaintiff filed a Rule 56(d) motion supported by an affidavit from the plaintiff's

---

[3] The parties have exchanged claim construction documents. (Doc. 59, p. 2).

attorney. *Estate of Russell*, 2018 WL 1408481, at *3. In response the defendants argued that, among other things, the plaintiff's affidavit contained only vague assertions as to how further discovery would assist the plaintiff. *Estate of Russell*, 2018 WL 1408481, at *3. Judge Hopkins granted the plaintiff's Rule 56(d) motion, explaining:

> While the Rule 56(d) standard requires specificity, there is no requirement that a movant predict exactly what will be said at a deposition. *C.f.* FED. R. CIV. P. 56(d). Here, the Plaintiff has submitted an affidavit that he expects to obtain facts directly related to the issue of notice. This Court believes that the "plaintiff is entitled to discovery in order to . . . test the veracity of the declaration testimony submitted by defendant." *See Royal Oak Enterprises, LLC v. Nature's Grilling Prods.*, No. 1:10-CV-2494-JEC, LLC, 2011 U.S. Dist. LEXIS 133856, 2011 WL 5858057, *3 (N.D. Ga. Nov. 21, 2011). If the evidence is as the Defendants purport it to be, then they should have nothing to worry about. However, the Plaintiff is entitled to some limited discovery to permit an adequate response.

*Estate of Russell*, 2018 WL 1408481, at *5.

The reasoning in *Estate of Russell* is persuasive. Steyr should have an opportunity to test Mr. Kellogg's veracity and probe the information in his declaration. *See Fla. Power & Light*, 893 F.2d at 1316 ("Before entering summary judgment the district court must ensure that the parties have an adequate opportunity for discovery."). Beretta has not identified undue prejudice that it may

suffer if the Court permits this deposition. (*See* Doc. 58). Thus, Steyr's need for discovery outweighs the burden that such discovery may place on Beretta.[4]

Beretta argues that Steyr, in making a Rule 56(d) motion, is acting in a manner that is in conflict with Steyr's filing of a motion for summary judgment because Steyr, in its motion for summary judgment, represents that it possesses the requisite information to prove its infringement claim. (Doc. 58, p. 3). Beretta's argument conflates the arguments that Steyr makes in its motion for summary judgment with the arguments that Steyr may make in its response to Beretta's motion for summary judgment. Steyr has identified shortcomings that it believes may exist in Mr. Kellogg's declaration. (Doc. 59, p. 3). Even if Steyr believes its summary judgment motion is well founded, Steyr would be remiss in not presenting thorough opposition to Beretta's summary judgment motion.

---

[4] Beretta cites *Pediatric Medical Devices, Inc. v. Indiana Mills & Mfg. Inc.* as instructive authority. (Doc. 58, pp. 7-8). In *Pediatric Medical Devices*, the plaintiff owned a patent for a medical device that improved upon the prior art by removing straps from the device. 984 F. Supp. 2d 1362, 1364 (N.D. Ga. 2013). The plaintiff alleged that the defendant's medical device which used straps infringed on plaintiff's patent. 984 F. Supp. 2d at 1364. The court issued a claim construction order that defined a claim limitation as meaning that the device would be used without straps or belts. 984 F. Supp. 2d at 1364. As a result, the defendant moved for summary judgment arguing that it did not infringe on the plaintiff's patent because its device uses straps. 984 F. Supp. 2d at 1364. The plaintiff, pursuant to a Rule 56(d) motion, requested additional discovery to show that the defendant's device infringed on the claim limitation. 984 F. Supp. 2d at 1367. The court denied the motion, stating that the defendant's product undisputedly used straps and "[n]o amount of additional discovery can change this fact." 984 F. Supp. 2d at 1367.

*Pediatric Medical Devices* is factually distinguishable from the current matter. The dispute in this case is not nearly as straightforward as the matter in *Pediatric Medical Devices*. It is appropriate for Steyr to explore the assertions that Mr. Kellogg has made in his declaration.

Accordingly, the Court grants Steyr's Rule 56(d) motion.

## III. <u>CONCLUSION</u>

For the reasons stated above, the Court directs the Clerk to please strike Steyr's memorandum in support of Steyr's Motion for Summary Judgment (Doc. 44) from the docket. Steyr may depose Mr. Kellogg on or before February 8, 2019. Responses to the motions for summary judgment (Docs. 43, 44) are due on or before March 1, 2019. Replies are due on or before March 15, 2019.

**DONE** and **ORDERED** this 9th day of January, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE